Rodríguez de las Albas *v.* Jiménez.

Appeal from the District Court of Humacao.

No. 8.—Decided June 1, 1906.

Appeal—Statement of Facts—Method of Preparing Same.—The statement of facts presented to the Supreme Court on appeal should be approved by the trial judge after considering the amendments proposed and accepted by the parties. The amendments should not be presented separately, but should be incorporated in the statement of facts after approval.

Id.—Transmittal of Record.—The record on appeal should not be transmitted to the Supreme Court in separate portions and on different dates, but should be complete and presented at one time within the term of twenty days from the date on which the notice of appeal is filed with the secretary of the district court.

Id.—Extension of Time—Filing Transcript.—Where the transcript cannot be filed within the period allowed therefor, the appellant may have the time extended, by affidavit setting forth the causes therefor, or by stipulation of parties, which should be filed with the secretary of the Supreme Court.

Id.—Documents Accompanying Complaint.—The Supreme Court may consider on appeal as authentic any document transcribed in the complaint or attached thereto, provided the authenticity thereof has not been denied under oath in the answer to the complaint.

Unlawful Detainer—Lessor—Lessee—Rescission of Contract of Lease.—Where the lessee of a property uses the same for a purpose not agreed upon, but which is not prohibited by the contract, and no injury to such property is caused thereby, an action of unlawful detainer will not lie.

The facts are stated in the opinion.
*Mr. Manuel F. Rossy* for appellant.
*Mr. Vías Ochoteco* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

María Rodríguez de las Albas de Bustelo and her mother, María Pujals y Bajandas, as the coowners of three undivided rural estates, leased them to Francisco Jiménez Lajara on June 13, 1904. While the contract of lease was still in force, María Pujals y Bajandas died, constituting as her only heir her daughter, María Rodríguez de las Albas y Bustelos, and for this reason she is now the owner of all the estates leased to which reference has been made, and in this capacity brought an action of unlawful detainer against the lessee, Jiménez Lajara, in the District Court of Humacao; and in the third allegation of fact in her complaint, she copies the third clause of the contract of lease, in the following form:

"The lessee is bound to maintain the estates given him in lease in good condition, being permitted to plant thereon what he may see fit, and use them for the care of cattle."

It is alleged that by this stipulation the kind of use to which the estates leased could be put was specified, and that the use to which they could be devoted was also limited thereby.

It is likewise alleged that, notwithstanding these limitations, the lessee, without the consent of the lessor, has laid in one section of the estates a railway for the transportation of the sugar-cane of the Juncos Central Company, and this act is alleged to be contrary to the agreement made in the contract of lease, adding that no sugar-cane is planted on the estates nor is the land suitable for cultivation of this character, and an order to vacate is prayed for, and, in due time, ejectment from said estates.

The lessee, Francisco Jiménez Lajara, answered this complaint and acknowledged as true the contract of lease and the third clause inserted in the complaint, but maintained that what he had done on the estate leased was to lay a road without ballast; he denied that this act constituted a violation of the contract of lease, and likewise denied all the other matters

alleged in the complaint, and concluded with the prayer that the complaint be dismissed with the costs against the plaintiff.

The hearing was had on January 3d of the current year, the evidence, consisting of documentary evidence and the testimony of witnesses introduced by the parties having been heard, and on the 17th of the same month and year the District Court of Humacao held that the law and the facts were in favor of the plaintiff; and, consequently, ordered that the contract of lease between the plaintiff and the defendant executed under No. 62 before Ulpiano Valdés Cajas, a notary of said city, should be rescinded and that the defendant vacate the three estates within the term of twenty days after service of notice of this judgment, the area, situation and boundaries of which are given; it being further ordered, if he shall not have vacated them within said period, that a writ issue to the marshal for his ejectment therefrom and the restoration of the plaintiff in the possession of the estates described, with the costs against the defendant, and that an attachment issue against his property for the satisfaction of the judgment.

The defendant, Jiménez Lajara, took an appeal from this judgment to this Supreme Court, and, in compliance with the special law governing unlawful detainer proceedings, he furnished a personal bond in the sum of $400.

On January 30 of said year, the transcript of the record, certified by the clerk of the Humacao court, was received in the office of the clerk of this court, having been transmitted by counsel for the defendant, Manuel L. Tous Soto. This transcript does not contain any bill of exceptions or statement of facts, nor is the slightest reference made thereto. But, later, counsel for the appellant in this Supreme Court, Manuel F. Rossy, appeared and asked for an extension of time for the presentation of a brief, on the ground that he had been unable to comply with this requirement, because the judge of the Humacao court had not approved a bill of exceptions which has been presented to him.

Finally, there was presented, not a bill of exceptions but a statement of the case, and, as a matter of fact, the method selected is not good practice.

In this Supreme Court amendments should not be brought separately from the amended statement. This practice leads to difficulties and confusion in the consideration thereof. The statement made and approved by the judge should be submitted, taking into consideration all the amendments introduced and approved by the parties. Thus it would not be necessary to consider more than one document clearly drawn and containing in itself all that has been considered proper to the end of justice.

On the other hand, the record must come to this Supreme Court in full, all at once and within the term of twenty days from the date of the filing of the notice of appeal with the secretary of the district court, and not, as it has come in this case, in sections and on different dates.

Section 50 of the Rules of this Supreme Court makes provision for a case in which the transcript cannot be presented in due time and then grants the party appellant the right to request extensions upon showing the cause of the delay in an affidavit or a written stipulation of the parties filed with the secretary.

It cannot be maintained that the provisions of section 50 above referred to have been complied with in asking for an extension of time for the presentation of a brief. This has nothing to do with the transcript of the record.

This defect in itself would be sufficient ground upon which to reject the statement here presented, but on this occasion only we would give it the proper consideration were the appeal not limited to a question of law—that is to say, the construction of the third clause of the contract of lease, as alleged by the appellant orally at the hearing, and as may be deduced from his brief presented in support of his appeal.

The respondent entered an appearance at the hearing

through his counsel, and orally maintained the justice of the judgment appealed from.

Let us now enter upon a consideration of the main issue involved.

We must state in the first place that in this case we must consider the deed which contains the contract of lease, which bears the date of June 13, 1904; and we say this because this document is duly authenticated in the complaint, and the answer denying its authenticity has not been sworn to. (Section 119 of the Code of Civil Procedure.)

This action of unlawful detainer cannot be based on subdivision 3 of section 1472 of the Revised Civil Code—that is to say, "infraction of any of the conditions stipulated in the contract"—because the contract does not contain any prohibition preventing the lessee from opening roads in any of the estates leased; and such a condition not having been imposed, nor any other condition from which the prohibition could be deduced, it cannot be maintained that the infraction to which the law refers exists.

Let us see whether the dispossession is comprised in the fourth subdivision of the said article, which provides:

"When the lessee employs the thing leased in uses or services not stipulated and which cause the same to be impaired, or when he does not comply, with regard to its use, with the provisions of No. 2 of section 1458."

And subdivision 2 of section 1458 provides that the lessee is obliged:

"To use the thing leased as a diligent father of a family would, applying the same to the use agreed upon; and, in the absence of an agreement, to the use which may be inferred from the nature of the thing leased according to the custom of the land."

In no part of the complaint is it alleged that the railway or the road without ballast, laid in parts of the estates leased, impairs their value, but it must be acknowledged that such use

or service is not stipulated in the contract. Can the lessor dispossess on this ground?

And the learned commentator, José María Manresa y Navarro, in volume 10, page 583, says in commenting on article 1569 of the former Civil Code, which is the exact equivalent of section 1472 of the Revised Code:

"It cannot be denied that the moment this occurs the lessee violates one of the conditions of the contract, and in this sense it appears to be comprised in the third cause of dispossession enumerated in article 1569. But if we carefully examine the connection between all the subdivisions of this article, and what they wish to express in relation with each other, it will not be difficult to arrive at the conclusion which logic imposes, that if subdivision 4 treats specifically and particularly of the use and destination of the estate leased as a cause of dispossession, there must not be considered as included in subdivision 3 of article 1569, notwithstanding its generality, the conditions which refer to said use and destination, because this would imply a duplication of causes for dispossession, which cannot be justified on any ground.

"The acts which may constitute grounds for dispossession by reason of the manner in which the estate may be used, are enumerated in subdivision 4 of article 1569, and to it exclusively must recourse be had to determine whether or not such grounds exist. Now, then, the terms thereof require that in order that a cause for dispossession may exist, the diligence of a father of a family must be lacking as required by subdivision 2 of article 1555 (subdivision 2 of section 1458 of the Revised Code), or that the use not agreed upon which the lessee may make of the thing should amount to an impairment thereof. If the lessee merely uses the thing for a different purpose from that stipulated, but in doing so observes due diligence and does not cause the thing to depreciate in any way, the cause for dispossession established by subdivision 4 of article 1569 is not present, strictly speaking.

"There will always be a presumption of noncompliance on the part of the lessee with the obligation imposed upon him by subdivision 2 of article 1555, a presumption which will be subject to the sanction of article 1556 (section 1458 of the Revised Code); but the judicial method of enforcing that sanction in the interest of the lessor will not be, in our judgment, an action of unlawful detainer, because a legal ground for the prosecution of such action would be lacking.

This condition is a just one, because if the lack of diligence and the impairment of the thing demand a remedy such as an action of unlawful detainer, when these circumstances are not present, but simply a mere change of use, for which the lessee might possibly be justified, it is logical to grant a wider scope of means of defense and a proceeding where the questions raised may be most carefully elucidated.''

We are certainly authorized to base our opinion herein on the high authority cited, because our present Civil Code has not been changed in this point, and because the reasoning hereinbefore set forth is sound and convincing.

In this specific case the lessee has not violated any of the conditions stipulated in the contract. He could devote the estates to plantings of any kind and to the care of cattle, and if he devoted them partly to a different use, laying the road, but in doing so, observed due diligence, in the absence of any allegation that he has impaired them or that such use is contrary to the custom of the land, there is absolutely no cause for dispossession, although there may be the sanction of section 1459 of the Revised Civil Code, because there will always exist, as Manresa says, a presumption of non-compliance on the part of the lessee with the obligation imposed upon him by subdivision 2 of section 1458.

For all the reasons stated, the judgment appealed from should be reversed and the action of unlawful detainer dismissed, with all the costs against the plaintiff and respondent.

*Reversed.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.